IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:24-CV-00423-ADA-DTG |
| | § | |
| PEOPLETRAIL, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION
## TO PROCEED ANONYMOUSLY (ECF NO. 3)

Came for consideration Plaintiff John Doe's Motion to proceed anonymously, or in the alternative, motion for a limited protective order (ECF No. 3). Defendant PeopleTrail, LLC did not file a response. Considering the Motion and the applicable law, the Court **GRANTS** Plaintiff's Motion to proceed anonymously.

Plaintiff John Doe sues Defendant PeopleTrail under the Fair Credit Reporting Act for inaccurately reporting his expunged criminal record. ECF No. 1 at 15; ECF No. 3 at 2. Plaintiff alleges that Defendant published inaccurate information about Plaintiff, including reporting an expunged criminal record. ECF No. 1 at ¶¶ 85, 98; ECF No. 3 at 2.

### I. LEGAL STANDARD

Plaintiff asks the Court to permit him to pursue his claim anonymously. ECF No. 3. Generally, parties to a lawsuit must identify themselves in their pleadings. *Southern Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). Rule 10(a) requires the plaintiff to disclose all names of parties in the complaint because there is a

1

strong First Amendment interest in keeping court proceedings transparent. Fed. R. Civ. P. 10(a); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (Unit A).

That said, when deciding whether a party may proceed anonymously, there is no strict rule. *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007). Instead, courts must decide whether the considerations calling for the maintenance of a party's privacy outweigh the customary and constitutionally based presumption of openness in judicial proceedings. *Id.* Relevant factors considered include whether: (1) the plaintiff seeking anonymity is suing to challenge governmental activity; (2) prosecution of the suit compels the plaintiff to disclose information of "the utmost intimacy"; and (3) the plaintiff is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution. *Stegall*, 653 F.2d 185. Because none of the factors are dispositive, a judge should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns. *Wynne & Jaffe*, 599 F.2d at 713.

## II.  DISCUSSION

Plaintiff is not seeking to challenge governmental activity nor avoid admitting his intent to engage in illegal conduct. But the Court finds that the injury litigated against would be incurred because of the disclosure of Plaintiff's identity. In such exceptional cases, a plaintiff should be permitted to proceed anonymously. *See E.B. v. Landry*, No. 19-862-JWD-SDJ, 2020 WL 5775148, at *3 (M.D. La. Sept. 28, 2020) (allowing use of a pseudonym in a lawsuit challenging the imposition of the maximum fee allowed by law to expunge certain criminal conviction records).

This is a case where the very injury complained about would result from disclosing Plaintiff's identity. Plaintiff claims that Defendant's reporting of expunged events on his

criminal record limited his employment opportunities. ECF No. 3 at 2, 5. To require Plaintiff to proceed under his full name would then link his name to the expunged criminal record, which is the exact injury Plaintiff for which he filed suit. The Court finds that the customary practice of disclosing Plaintiff's identity should yield to Plaintiff's privacy concerns.

Plaintiff is not requesting to hide his identity from Defendant. Defendant will be able to fully and fairly litigate against Plaintiff without disclosing Plaintiff's identity publicly. *See E.B.*, 2020 WL 5775148, at *6 (noting the plaintiffs' willingness to provide their identities to the defendants for the purposes of discovery). Nor does Defendant argue that it has a legitimate interest in requiring Plaintiff to reinjure himself to bring this lawsuit.

### III.  CONCLUSION

For the reasons outlined above, the Court **GRANTS** Plaintiff's to proceed anonymously (ECF No. 3). It is further **ORDERED**, that Defendant is prohibited from publicly identifying Plaintiff and that the parties are ordered to meet and confer and submit a proposed protective order to the Court within fourteen (14) days.

SIGNED this 26th day of February, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE